# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00595-COA

**DEDRICK SMALL**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/13/2016 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BRENDA F. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/15/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. Dedrick Small was convicted of aiding and abetting Cortez Bass in the murder of Donterrius Jackson. On appeal, Small argues that the trial judge abused his discretion by excluding a prior statement by Bass, who was convicted in a separate trial. The judge ruled that Bass's statement, which tended to exculpate Small, was inadmissible hearsay. Small argues that the statement was admissible as a statement against Bass's penal interest. However, we conclude that the trial judge did not abuse his discretion by excluding the statement, as it was neither against Bass's penal interest nor supported by corroborating

circumstances.  Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Around 5 p.m. on March 10, 2014, Jackson and his friend George Anderson were walking near the intersection of Cotton Street and Beat Line Road in Tunica.  Jackson and Anderson were in high school at the time and were out of school on spring break.  Jackson and Anderson encountered Small, Bass, and Bass's cousin, Kendrick.  When the two groups met at the street corner, words were exchanged, and it appeared that a fight was imminent. Bass then shot Jackson in the back of the head, killing him.

¶3.     Law enforcement quickly identified Bass as a suspect and arrested him.  Bass gave a statement to Detective James Clark of the Tunica County Sheriff's Office.  Bass admitted that he shot Jackson, but he claimed that Jackson pulled a gun on him first.[1]  Detective Clark asked Bass if Small had given him the gun that he used to kill Jackson, but Bass denied that Small had done so.  Bass insisted that the gun was his, but he did not know what kind of gun it was and could only say that he bought it from an unknown man for $100.  Bass claimed that, a short time before the shooting, Jackson or Anderson had called him a "bitch."[2]  Bass also claimed that someone had shot at him the night before.  Bass said that he returned home and retrieved his gun after his first encounter that day with Jackson and Anderson.

---

[1] Other witnesses denied that Jackson pulled a gun, and Jackson's hands tested negative for gunshot residue.

[2] Anderson and another witness at Bass's trial testified that, earlier the same day, Bass had been driving a car and had attempted to run over Jackson and Anderson as they were walking down the street.  Small was a passenger in the car.  There was no testimony about this incident at Small's subsequent separate trial.

¶4.    Although Bass denied it, other witnesses reported that Small handed Bass the gun just before the shooting, and Bass and Small were both indicted for Jackson's murder. Prior to trial, Small filed a motion to sever. The trial judge reserved ruling on the motion. A joint trial began on June 9, 2015. After the State rested, Bass testified in his own defense and claimed—contrary to what he had told Detective Clark—that Small handed him the gun just before he shot Jackson. After Bass's testimony, the trial judge granted Small's motion to sever. The State called Detective Clark on rebuttal to impeach Bass's testimony. Detective Clark testified that Bass had told law enforcement that he brought the gun to the scene and that Small did not hand him the gun prior to the shooting. The jury convicted Bass.

¶5.    Before Small's subsequent separate trial, Small filed a motion to permit him to use Bass's statement to Detective Clark as evidence at trial. Small argued that Bass's statement was admissible under Mississippi Rule of Evidence 804(b)(3) as a statement against interest. The trial judge denied Small's motion after finding that Bass's statement was not against his interest because Bass's statement was a claim of self-defense.

¶6.    Bass did not testify at Small's trial. Two eyewitnesses testified that Bass shot Jackson with a gun that Small handed to him immediately before shots were fired. The defense called another eyewitness who testified that she did not see Small hand Bass a gun; however, she also testified that she did not see Bass pull the gun or "where [he got] the gun from." The defense called another witness who drove up just as Bass stepped into the street and shot Jackson; the witness testified that she did not see Small, but she also testified that she did not see anything that occurred before Bass stepped into the street. No evidence was introduced

at Small's trial that Jackson fired first or that the killing was in self-defense.

¶7.    The jury found Small guilty of first-degree murder.  Because Small did not pull the trigger and was fourteen years old at the time of the offense, the trial judge sentenced him to life imprisonment with the possibility of parole.  *See Miller v. Alabama*,  567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48 (2010).  Small filed a timely notice of appeal.  On appeal, he raises only one issue: whether the trial judge abused his discretion by excluding Bass's post-arrest statements.

### ANALYSIS

¶8.    Small argues that he was entitled to introduce Bass's statements that Bass alone brought the gun to the street corner where Jackson was shot and that Small did not hand the gun to Bass.  Small argues that Bass's post-arrest statement was against Bass's penal interest because Bass stated that he retrieved the gun after he exchanged words with Jackson, which, Small argued, tended to show premeditation by Bass.  However, the trial judge found that Bass's statement to Detective Clark was that he shot Jackson only after Jackson first fired at him, i.e., a claim of self-defense.  Thus, the trial judge reasoned that Bass's statement was an attempt to articulate a defense to criminal liability, not a statement against Bass's penal interest.  Accordingly, the judge ruled that the statement was not admissible under the Rule 804(b)(3) exception to the hearsay rule.

¶9.    In his statement to Detective Clark, Bass said that on the day of the shooting, Jackson and Anderson had called him a "bitch."  Bass went home, got a soda and some chips, and then stood outside talking with Small and Kendrick.  The three then walked to the corner of

4

Cotton Street and Beatline Road, where they encountered Jackson and Anderson. Words were exchanged, and Bass claimed that Jackson drew a gun and started shooting, so he returned fire. When asked who gave him the gun, Bass said, "Nobody. I already had it myself." Bass stated that he kept the gun under his mattress, although he did not know the make or model of the gun and claimed that he bought it for $100 from an unknown man. Bass said he went home and retrieved the gun just before the shooting occurred. Bass was specifically asked whether Small had given him the gun, but Bass repeatedly denied that Small had done so. Bass was also adamant that Jackson had fired at him first.

¶10. Small argues that the totality of Bass's statement to law enforcement—that Bass retrieved the gun after exchanging words with Jackson and Anderson—was against Bass's penal interest because it tends to show premeditation. Small also argues that no reasonable person would claim to have retrieved a gun because he anticipated possible trouble if, in fact, someone handed him the gun only after trouble presented itself. However, the State argues, and the trial judge agreed, that Bass's statement is still a claim of self-defense that, if true, would tend to eliminate or reduce his criminal liability.

¶11. "This Court reviews the trial court's ruling admitting or excluding evidence for abuse of discretion." *Hartfield v. State*, 161 So. 3d 125, 130 (¶10) (Miss. 2015). We will not reverse a conviction based on an erroneous evidentiary ruling "unless the error affected a substantial right of [the defendant]." *Id.* (citing M.R.E. 103(a)).

¶12. There is no dispute that Bass's statement to law enforcement was hearsay and, as such, was inadmissible absent some exception. M.R.E. 802. Rule 804 provides exceptions to the

5

hearsay rule that apply "if the declarant is unavailable as a witness." Small sought to introduce Bass's statement under Rule 804(b)(3), which provides that hearsay is admissible if, "at the time of its making," the statement "so far tended to subject [the declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true."[3] Rule 804(b)(3) further provides that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Thus, to summarize, three requirements must be met before a "statement against interest" may be admitted under this rule: (1) the declarant must be unavailable; (2) the statement must have clearly subjected the declarant to criminal liability; and (3) "corroborating circumstances" must "clearly indicate the [statement's] trustworthiness."

¶13.    As to the first requirement, although Bass had not been subpoenaed for Small's trial, the trial judge assumed, for purposes of ruling on Small's pretrial motion, that Bass would invoke his Fifth Amendment privilege to refuse to testify if called as a witness at trial. The judge also accepted that this would render Bass "unavailable" for the purposes of Rule 804. *See Jacobs v. State*, 870 So. 2d 1202, 1208 (¶13) (Miss. 2004).

¶14.    To determine whether Bass's statement was clearly against his penal interest, we must determine whether "a reasonable person in [his] position would not have made the statement unless believing it to be true." *Hartfield*, 161 So. 3d at 136 (¶15) (quoting *Williams v. State*,

---

[3] Throughout this opinion, we quote the version of Rule 804(b)(3) in effect at the time of Small's trial. The rule was amended in 2016 as part of a "general restyling" of the Mississippi Rules of Evidence, but the changes were "intended to be stylistic only." M.R.E. 804, advisory committee's note.

667 So. 2d 15, 19 (Miss. 1996), *overruled on other grounds by Smith v. State*, 986 So. 2d 290, 298 n.4 (Miss. 2008)). The party offering such a statement must show that it "clearly and directly implicates the declarant himself in criminal conduct." *Id.* (quoting *Williams*, 667 So. 2d at 19). "The determination of whether a statement is against the declarant's penal interest must be made by considering the statement in light of the surrounding circumstances." *Id.* (citing *Williamson v. United States*, 512 U.S. 594, 604 (1994)).

¶15.    On review, we cannot say that the trial judge abused his discretion in finding that the against-penal-interest exception to the hearsay rule did not apply. In general, a declarant's statement that he shot the victim in self-defense is not admissible because the statement constitutes a *defense* to criminal liability. Therefore, it cannot be said that the statement "so far tend[s] to subject [the declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." M.R.E. 804(b)(3); *see Bailey v. State*, 78 So. 3d 308, 318 (¶31) (Miss. 2012) (holding that the defendant's statement that he shot the victim "out of fear for [his] own life" was not admissible because it was not against his penal interest); *Robinson v. State*, 758 So. 2d 480, 487 (¶25) (Miss. Ct. App. 2000) (holding that "a claim of self-defense" is not admissible under Rule 804(b)(3) because it "is clearly not a statement against interest"); *cf. Hartfield*, 161 So. 3d at 136-37 (¶16) (holding that letters in which the declarant claimed that she had participated in crimes under duress were not against her penal interest).

¶16.    Small argues that these cases do not apply to Bass's specific statements that tended to exculpate Small. Small argues that even if Bass's overall claim of self-defense was not

7

against his penal interest, Bass's specific denials that Small handed him the gun were against his interest. Small reasons that these specific statements tend to show premeditation and planning on Bass's part.

¶17. We disagree that Bass's statement must or should be parsed so finely. Bass's claim was that he went home and retrieved the gun from his house *because he feared that there would be trouble with Jackson and Anderson*. His alleged fear seems to have been based on his prior encounter with Jackson and Anderson, some alleged shooting the night before, or both. Regardless, Bass's claim that he retrieved the gun based on this fear was part and parcel of his self-defense narrative. In context, Bass's statements that he retrieved the gun, that the gun was his, and that Small did not give him the gun did not "so far tend[] to subject [him] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement[s] unless he believed [them] to be true." M.R.E. 804(b)(3). Therefore, the trial judge did not abuse his discretion by excluding the statements.

¶18. Moreover, even if Bass's statement had been against his interest, Small failed to show that the statement's "corroborating circumstances clearly indicate [its] trustworthiness." M.R.E. 804(b)(3). "Corroboration as required by Rule 804(b)(3) is not required to be absolute, and the sufficiency of the corroboration must be assessed in the light of the importance of the evidence and the offeror's fundamental constitutional right to present evidence." *Lacy v. State*, 700 So. 2d 602, 607 (¶15) (Miss. 1997). However, the circumstances under which the statement is made or some other evidence must provide sufficient corroboration to show that the statement is reliable and trustworthy. *See id.* at

(¶¶16-17). The statement's trustworthiness must be "clearly indicate[d]." M.R.E. 804(b)(3). "Unless such a statement can be corroborated as reliable, it will be excluded." *Id.*, cmt.

¶19.     In the present case, there are no circumstances or other evidence to clearly indicate the reliability or trustworthiness of Bass's statement.   To the contrary, the relevant circumstances and evidence indicate that it was not reliable or trustworthy.  Bass's statement to law enforcement was unsworn, and, in relevant part, it was directly contradicted by Bass's sworn testimony at his trial.  In general, Bass's statement to law enforcement was riddled with inconsistencies.  Bass claimed that the gun was his, but he did not know what kind of gun it was and could not identify the unknown man who sold it to him for $100.  Later in interview, when asked where he had gotten the gun, Bass simply stated, "I ain't no snitch." Two eyewitnesses testified at Small's trial that Small handed Bass the gun just before shots were fired.  In addition, at Bass's trial, Anderson and Kendrick testified that Small handed Bass the gun just before the shooting.[4]  The two other eyewitnesses at Small's trial testified that they did not see Small hand Bass the gun, but neither could say that they saw Bass pull the gun.  Under these circumstances, Bass's prior statement was not sufficiently corroborated to be admitted under Rule 804(b)(3).  Therefore, even if it could be considered a statement against Bass's penal interest, it was properly excluded as inadmissible hearsay.

## CONCLUSION

¶20.    The trial judge did not abuse his discretion by excluding Bass's post-arrest statements that Small did not hand him a gun.  Bass's statement was neither clearly against his penal

---

[4] Anderson and Kendrick did not testify at Small's trial.

9

interest nor clearly corroborated by attendant circumstances. Therefore, it was inadmissible hearsay and properly excluded. We therefore affirm Small's conviction and sentence.

¶21. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**